# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI ST. JOSEPH DIVISION

| | |
|---|---|
| JAY NORCO, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 14-CV-6040-SJ-FJG |
| MILES EXCAVATING INC., and UNITED FIRE & CASUALTY COMPANY, | ) |
|       Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff Jay Norco's Motion to Remand (Doc. No. 5).

## I.  Background

The Plaintiff Jay Norco filed a lawsuit against Miles Excavating, Inc. ("Miles") and United Fire & Casualty Company ("United") for breach of contract and negligence. An amended petition was filed in state court, and United was served on March 6, 2014. United filed a timely notice of removal on April 4, 2014, Miles did not file a consent to removal with the court, nor did it or its counsel sign the notice of removal. Instead, counsel for United simply indicated that Miles consented to removal within the notice of removal.  The deadline for filing a consent to removal was April 5, 2014.

On April 25, 2014, plaintiff filed a motion to remand, arguing that defendant Miles did not properly consent to removal.  Only after the motion to remand was filed did Miles file a notice of consent to removal (Doc. No. 7, filed on April 28, 2014).

**II.     Standard**

Federal courts are to resolve all doubts regarding federal jurisdiction in favor of remand, and are to strictly construe legislation permitting removal.  Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007).  In a civil action with multiple defendants, all defendants must join in the notice to remove unless they are nominal defendants. Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002). The general removal statute, 28 U.S.C. § 1446(b), permits a notice of removal be filed within 30 days after receipt of the pleading and has been interpreted to require that all defendants must consent to removal.  Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. §1446(b)(2)(C).  Although each defendant need not necessarily sign the notice of removal, there must "be some timely filed written indication from each served defendant," or someone authorized to act on the defendant's behalf, indicating the defendant actually consents to the removal.  Pritchett, 512 F.3d at 1062.

**III.    Discussion**

There are three issues the Court must resolve in considering the motion to remand. The first issue is whether a notice of removal filed by one defendant and signed by its attorney only meets the unanimity requirement for removal. In this cause of action, defendant United was served on March 6, 2014 and filed consent to removal on April 4, 2014. The notice filed made the representation that defendant Miles consented to removal, but there was no evidence of defendant Miles's consent and no indication

that defendant United's attorney had the authority to speak on behalf of defendant Miles. The Court finds that Schaffer's assertion of defendant Miles's consent does not constitute consent directly to the court as required by the rule of unanimity. Christiansen v. West Branch Community School Dist., 674 F.3d 927, 933 (8th Cir. 2012); Gruszka v. Keylien Corp., No. 13-CV-1532-CAS, 2013 WL 6858498, *3 (Dec. 30, 2013).

The second issue before the court is whether defendant Miles's consent was untimely. In this case it is clear that defendant Miles's consent was not timely. Under Eighth Circuit law, each defendant must provide its consent to removal to the court within thirty days of service. Christiansen, 674 F.3d at 932 (citing Thorn v. Amalgamated Transit Union, 305 F.3d at 833). The consent for defendant Miles was filed 53 days after service on defendant United, and only after the filing of plaintiff Norco's motion to remand. The Court finds Miles's notice of consent was untimely and renders the removal of this cause of action to be defective. Gruszka v. Keylien Corporation, Case No. 4:13-CV-1532-CAS, 2013 WL 6858498, *4 (E.D. Mo 2013) (remanding where defendants filed consent for removal over sixty days after service).

The final issue before the court is whether the filing of untimely consent can cure the defects in the removal procedures. Defendant Miles attempted to cure the defect by filing its consent to removal after the thirty-day time limit had expired. In a recent Eighth Circuit Opinion, the Court chose not to express an opinion as to whether the unanimity requirement may be satisfied by the filing of a curative consent to removal after the 30-day period, but warned "that non-removing defendants who wish to evice consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct." Christiansen, 674 F.3d at 933. The United States

District Court of the Eastern District of Missouri recently found that this warning, coupled with the instruction to construe removal statutes strictly and resolve doubts in favor of remand, leads to the conclusion that curative amendments should not be allowed after the 30-day period has expired. Gruszka, 2013 WL 6858498, *5. The facts presented in Gruszka are nearly identical to those in the current action, and this Court finds the reasoning of Gruszka to be persuasive. For that reason, the Court finds that Defendant Miles's attempt to cure the defective notice of removal was untimely and ineffective.

Therefore, for all the above reasons, the Court **GRANTS** plaintiff's motion to remand (Doc. No. 5).

## IV. Conclusion

Accordingly, for the above stated reasons, it is **ORDERED**:

1) Plaintiffs' Motion to Remand (Doc. No. 5) is **GRANTED**;

2) This case is **REMANDED** to the Circuit Court of Platte County, Missouri; and

3) The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the State Court.


Date:  July 10, 2014                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                   Fernando J. Gaitan, Jr.
                                        United States District Judge